http://www.va.gov/vetapp16/Files4/1630493.txt

Citation Nr: 1630493 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 11-29 381 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri

THE ISSUE

Entitlement to reimbursement of expenses from accrued benefits based on the Veteran's beneficiary's last sickness.

ATTORNEY FOR THE BOARD

S. Delhauer, Associate Counsel

INTRODUCTION

The Veteran had active military service from April 1953 to April 1955, and died in October 2003. The Veteran's surviving spouse died in August 2009. The appellant, Veteran's Home Care (VHC), is a business which had a contract with the Veteran's spouse at the time of her death.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2010 decision by the Department of Veterans Affairs (VA) Pension Management Center in Milwaukee, Wisconsin. The Regional Office (RO) in St. Louis, Missouri now has jurisdiction over the matter.

This matter was remanded by the Board in March 2014 for further development.

FINDINGS OF FACT

1. The Veteran's surviving spouse died on August [redacted], 2009.

2. At the time of her death, the Veteran's spouse was in receipt of death pension benefits and special monthly compensation based on the need for aid and attendance.

3. The expenses claimed by the appellant are not shown to be medical expenses for the last sickness or expenses for the burial of the Veteran's spouse.

CONCLUSION OF LAW

The criteria for entitlement to payment of accrued benefits are not met. 38 U.S.C.A. § 5121(a) (West 2014); 38 C.F.R. § 3.1000(a) (2016).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veterans Claims Assistance Act of 2000 (VCAA)

As a preliminary matter, the pertinent facts in this case are not in dispute. Resolution of this appeal depends on the application of the law rather than on weighing of the evidence. Under such circumstances, the VCAA does not apply. See Dela Cruz v. Principi, 15 Vet. App. 143 (2011).

However, in the March 2014 remand, the Board instructed the Agency of Original Jurisdiction (AOJ) to provide the appellant with notice under the VCAA, and to determine the exact amount of each and every check paid for the Veteran's surviving spouse for her death pension benefits with aid and attendance, beginning on March 1, 2009. In February 2015, the AOJ sent a VCAA notice letter regarding entitlement to accrued benefits to the appellant. In a February 2016 email, the finance department of the St. Louis RO indicated that there was no payment activity for the Veteran's spouse in order to conduct an audit. Given the February 2015 letter to the appellant, the February 2016 email response from the RO's finance department, and the subsequent readjudication of the claim in February 2016, the Board finds that there has been substantial compliance with its remand directives. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (a remand by the Board confers upon the claimant, as a matter of law, the right to compliance with the remand instructions, and imposes upon the VA a concomitant duty to ensure compliance with the terms of the remand); see also D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Dyment v. West, 13 Vet. App. 141, 146-47 (1999).

Analysis

Periodic monetary benefits authorized under laws administered by VA, to which a payee was entitled at his or her death under existing ratings or decisions or those based on evidence in the file at date of death, and due and unpaid will, upon the death of such person, be paid to certain persons. 38 U.S.C.A. § 5121(a); 38 C.F.R. § 3.1000(a). The appellant claims entitlement to accrued benefits under a provision allowing only so much of the accrued benefit to be paid as may be necessary to reimburse the person who bore the expense of last sickness or burial. 38 U.S.C.A. § 5121(a)(6); 38 C.F.R. § 3.1000(a)(5).

At the time of her death on August [redacted], 2009, the Veteran's spouse was in receipt of death pension benefits and special monthly compensation based on the need for aid and attendance. See July 2009 notification letter (adjustment of award); April 2009 rating decision. The effective date of the spouse's award was March 1, 2009. See, e.g., July 2009 notification letter.

In March 2010, the appellant filed an application for reimbursement from accrued benefits due a deceased beneficiary, seeking payment of $3,030.00 for assistance with activities of daily living. The appellant asserted that this constituted expenses of the spouse's last sickness, that VHC "provided home care" to the Veteran's spouse, and that these expenses had not been paid at the time of her death. See June 2010 claim; March 2010 claim.

The appellant contends that VHC had an understanding with the Veteran's spouse, in that she would apply for VA pension benefits with aid and attendance; VHC would advance the spouse money to pay for her home care needs while the pension application was being processed; and the spouse intended to pay back the appellant once she received this benefit. Alternatively, the appellant asserts that VHC qualifies for payment based on providing the home care alone. See October 2011 substantive appeal; June 2010 notice of disagreement; June 2010 claim; March 2010 claim.

The Board finds that neither VHC nor its president bore the expenses of the last sickness of the Veteran's surviving spouse. Rather, the spouse's death certificate indicates that on July 4, 2009, she fell at home. Subsequently, the spouse died as an inpatient at a private hospital on August [redacted], 2009. 

Further, the Board finds that the evidence of record indicates that the appellant only coordinated care from other providers; VHC did not actually provide any medical, nursing, or other care or pay any expenses. The evidence includes a contract dated in January 2009 between the Veteran's surviving spouse and VHC, indicating that the company would arrange for other individuals or companies to provide home care to the spouse, and that such care would begin in the month after the surviving spouse filed an application for VA pension benefits. See also February 2009 Home Care Agency sheet (submitted with the surviving spouse's pension claim, indicating Helping Hands was to provide home care services). To the extent that VHC asserts that it loaned money to the surviving spouse, or incurred debt on her behalf to coordinate such care, there is no legal basis for payment. The law provides only for reimbursement of actual expenses borne for last sickness. 38 C.F.R. § 3.1000(a)(5). 

Finally, there is no argument or indication that the appellant bore the expense of the surviving spouse's burial. 

Consequently, the appellant's claim fails because there is no legal entitlement to reimbursement of expenses from accrued benefits, as the appellant did not bear the expense for the last sickness or burial of the Veteran's surviving spouse. Where, as here, the law is dispositive of the claim, the claim must be denied because of lack of legal merit or lack of entitlement under the law. Sabonis v. Brown, 6 Vet. App. 426 (1994). Accordingly, there is no legal entitlement to reimbursement of expenses from accrued benefits, and the claim is denied. 38 U.S.C.A. § 5121; 38 C.F.R. § 3.1000.

ORDER

Entitlement to reimbursement of expenses from accrued benefits based on the Veteran's beneficiary's last sickness is denied.

____________________________________________
S. HENEKS
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs